We have five cases on the calendar this morning. Two cases from district courts, one from the PTAB, two cases from the Merit Systems Protection Board, one of which is submitted on the briefs and will not be argued. Our first case is Equis v. EMC Corporation, 2021-1772. Mr. Weinberg, you'll tell us how to pronounce your client's name. Thank you very much, Your Honor. It's Aqqis. Aqqis. Good morning. Jonathan Weinberg for Appellant Aqqis. May it please the Court. We have a simple ask this morning. We're seeking a remand to the district court, instructing it to consider, in the first instance, Aqqis' arguments and evidence on the meaning of the phrase TCI bus transaction. This case has been around, what, seven years? I think longer than that. It's maybe a 12-year record. Careful job by an excellent judge, pointing out that a lot of your arguments are inconsistent with other arguments you made. I don't think that the holding was that the arguments were inconsistent. I think that the, and that's admitted, too, at page 34 of the brief for EMC, it said that we've made consistent arguments for years. I think that the holding here was simply that there was a new... Just to follow up on Judge Lurie's question, I think the reference of the clash in your position is the position that you took at the IPR in front of the patent board, compared to the statements you're making here. Is this the encoded term we're discussing? TCI bus transaction. So I don't think that there was any inconsistency about TCI bus transaction at the PTAB. The dispute in that particular instance was whether or not the transaction was at all relevant to the PCI standard, and we said that it was. We wanted to use Judge Davis's construction, and EMC said that the PCI standard shouldn't even apply at the PTAB. What about the statements that were made about how the PCI bus transaction includes control bits every time? There's no such thing as a PCI transaction that does not have control bits. As was explained in our briefing at page 58, we talked about control bits. That's a term that's used to refer to the command and byte-enabled bits. There's extrinsic evidence here about that use. There's two different kinds of bits. There are control bits, and then there's a different label for other bits that are known as command bits in the PCI local bus specification. The umbrella term that we're discussing would be the control bits. That would include the command and the byte-enabled, which we say are part of the transaction. It would also include control signals, which are physical layer signals not part of the transaction. When we were referring to control bits at the IPR, and we made this very explicit in the briefing, we said control bits are required, but we're referring specifically to the command bits. Mr. Brogan said that at the IPR hearing explicitly. Even during that hearing, EMC was using the words control bits to refer to the commands. For example, we said at page 60 of our brief that EMC made the argument at the Markman hearing that their expert in his deposition admitted that command information by enables was required, and then they cited that as proof that the expert agreed that control bits were required. I think that throughout the Markman hearing and throughout the IPRs, we were using the words control bits specifically to refer to command. I could point you to appendix 1641, where Mr. Brogan says at the Markman hearing that when we used the words control bits at the IPR, quote, he's referring to the command. I think that's been consistent with our position throughout this litigation. Counsel, are these patents expired? These patents? I don't know if all of them are or not. I don't have an answer, but I can get you that answer when I come back on the reply. Take it back to 2000. Extended perhaps almost one year, but you don't know. Is there ongoing litigation other than this? Is there any other ongoing litigation other than this? I believe that there is, but I think that we mentioned those in our filings with this court. I'm not familiar with them and what the issues are in that case. I think that what really happened here, if you look at the opinion, is it's pretty explicit that the district court simply just had the law wrong here. It said that construction disputes that arise at summary judgment are untimely, and obviously that's not right, and EMC doesn't say that that's right. And so a remand to the district court to consider our arguments for the first time is appropriate here. What if we read her summary judgment opinion as understanding that you have a construction of the construction and that she rejects that construction of the construction in going forward and deciding summary judgment against you? Right. So putting aside that that is, I think, contrary to what it is that she said in the opinion, if we read the opinion that way... Well, I guess in a way she necessarily had to not adopt your construction of the construction in order to reach the decision that she did, right? That's right. And I guess there's two ways to interpret that. One is that she wasn't going to consider your proposed construction of the construction, or that she had considered it your metaconstruction and then she rejected it by the merits as being inconsistent with her actual Markman construction. Yes. I think that the language of the opinion is pretty clear that it's the first of those because it says only now at summary judgment does ACAS seek to disavow parts of the spec. It says despite not asking Judge Davis or this court to construe this, you could have done this at either court's hearing and you didn't do it. But getting to your question, in either case, you're right. This court can freely reach the merits and get to the intrusive record. But what happens at that point is there's no fact findings below, there's no opinion below or reasoning below that says these are the parts of the PCI spec that we need to touch, this is how a person of ordinary skill would have seen this. And so if we get here a de novo review of just the intrinsic record, I think it's really difficult, maybe impossible, for EMC to carry the day and win here because this record is extremely technical. The patents are extremely technical. The PCI specification is a large technical document, difficult for lay judges to read. This is exactly the kind of situation where you want to have factual evidence and expert opinions. Now, if we don't have it here, for one reason or another, I think the proper recourse is to remand down to make the necessary factual findings. If we're looking at only the intrinsic evidence here, I'm happy to discuss why it leans towards ACAS more favorably than to EMC, if that would interest your honor. Because the claim language here, if we look at it, PCI bus transaction, this is the familiar analysis. We do the claim language, we look to the rest of the spec. The words PCI bus transaction, it's not really an ordinary meaning, it's a technical term. So right off the bat, we have a need for some kind of expert testimony about how an expert would see this. And we did cite some of that in our briefing at page 51. There was no rebuttal from the other side. They simply said, the intrinsic record is so clear that your expert testimony should just be discarded. When you then look to the patent specification itself and the rest of the intrinsic record, and you ask, how would a person understand reading a, transmitting a PCI bus transaction in this context? And we have, this is really important, we have a claim construction that says that these claims encompass both embodiments that send a transaction from one PCI bus to another, with a physical bus on both sides, and embodiments that don't have a physical bus anywhere. And so a person of ordinary skill looking at this and saying, what does it mean to transmit a PCI bus transaction in both of these embodiments? They look at the spec, they see that in the embodiment with PCI buses, the physical layer signals are processed in a different piece of hardware than the transaction layer signals, and they're pulled off the bus. Now if there's no bus to pull those signals off of, there's no disclosure in the specification talking about synthetically generating those signals, and the person of ordinary skill wouldn't think to themselves that you should generate them synthetically, because once they get to the other side, there's no bus there either. So they just go in the trash. Just so I understand, just so I'm following you, are you making the point that the claim construction doesn't require the actual bus? Yes. Okay. That's right. I think that's settled. Right, that's settled. So I'm just trying to follow along with the point you're trying to make. Right. But as I understand it, the point that the judge was making was that nevertheless, this transmission has to be in accordance with the PCI bus transaction. And so that's the entire PCI bus transaction, not just selected pieces of the PCI bus transaction. Right, that's exactly right. But our position is that the PCI bus transaction is defined in this document as including only the signals that we identified. The physical layer signals are not defined as part of the PCI bus transaction. They are mentioned, of course, in the PCI spec, but so is the physical bus. There are definitely discussions in the PCI bus standard that are not required by this claim. I know you've been talking about transaction layers and physical layers in your briefing, but there's nothing in the PCI local bus specification that talks about these two kinds of layers and distinguishing signals based on whether they're in the transaction layer versus the physical layer. Is that right? The words physical and transaction layer are not used in this particular specification, but this is exactly the reason why expert testimony is so useful here. If you look at Dr. Gafford's report that we cited in our briefing, he explained that a person of ordinary skill looking at this would understand a physical layer and a transaction layer and differentiate them. He explained also why. Because the transaction layer is the software, is what ensures the software compatibility. He then looked to the PCI Express standard and said, look, in this standard, there is something labeled transaction layer and whatnot. In order to create the software compatibility between these two standards, we are keeping what's labeled as the transaction layer. And so this just emphasizes the point here that we do need expert testimony and we do need facts finding from the district court. This would be extremely useful. I've got a figure 2-1 of the PCI local bus specification open at JA 2244. And it's showing me all the different pins. And there's a category of required pins and there's a second category of optional pins. Right. So it looks like under the required pins, there are the address and data pins and then there's all these interface control pins that are identified right here as required pins. So doesn't that mean they're all required for the PCI bus transaction? Well, what this is discussing is... As opposed to the optional pins. Well, this is discussing the physical hardware, the actual pins that are required to create a PCI local bus physical bus, which of course the claims don't require. But this is strictly talking about that. It doesn't talk about what is a transaction, which part of this is a transaction. It just says that this is the pins that are required. And I want to just go back to the standard here. If we're on de novo review, your honors would have to look at this and say this unambiguously shows that EMC is correct. And there's no reason to ask any experts to look at any evidence. And I just don't think that looking at these specs, we could say this is... My mind is made up. It's unambiguous to me. I don't need to see anything else. This is absolutely the end of the story. Counselor, you're into your rebuttal time. Do you wish to save it? Yes, please. Thank you so much. Harry. Thank you, your honors, and may it please the court. My friend started out by asking the court to remand to consider the meaning of PCI bus transaction, quote, for the first time, end quote. That term has been construed four times. In Texas, in the PTAB, in Massachusetts on Markman, and again in Massachusetts on summary judgment. And to go straight to Judge Chen's question about the control bits, Ackes made the argument at summary judgment that control bits should be excluded. And at pages 12 to 13 of the appendix, Judge Burroughs ruled, and this is a quote, Ackes argues that the claims should exclude interface control bits. Quote, the court has already concluded that the claims are limited by the PCI local bus specification in its entirety. Therefore, there is no infringement and summary judgment is appropriate. Ackes does not cite this ruling in its opening brief in this court. It does not cite it in its reply brief in this court. It never deals with it. This is a independent, you know, standalone statement of the judge's reasoning that is sufficient to affirm the summary judgment on its own. And what Judge Burroughs was referring to was all the way back to 2017, when Judge Davis ruled, rejecting Ackes' argument that control bits and other things should be excluded, that the PCI bus transaction must include, quote, unquote, all information required by the PCI local bus specification. That's in appendix 507. Again, that's another ruling that my friends don't even mention in their opening brief in this court. You're saying that Ackes, in front of Judge Davis, argued that the construction has to exclude control bits? Absolutely, Your Honor. If you look at appendix 505, which is the table of the proposed constructions the very first time around, Ackes argued that it should be limited to command, address, and data bits, which would exclude control and parity bits. That's what they've been trying to exclude throughout the entirety of this litigation. They've been making the same argument. Only command, address, and data bits. And Judge Davis ruled... I thought the argument back then was about whether or not the bus itself is actually included. Those arguments have run in parallel, if I can borrow a phrase, Your Honor. EMC argued that a PCI physical bus must be included. We lost that argument. We're not bringing that to this court. However, as Judge Burroughs explained, that doesn't mean that a PCI physical bus is not irrelevant. The reason this inventor adopted the standard was for interoperability. This was for backwards compatibility with existing buses and peripheral devices. I think Mr. Weinberg misspoke, because every single embodiment in the patent specifications includes a physical PCI bus somewhere in the system. It may not be on both sides, but it's somewhere in the system, including in their faunted figure eight. And as Mr. Stacey explained in the IPR, and I heartily recommend to the court pages 1025 to 1048 of the appendix, which is Ackes' IPR argument, the reason for that is that even if there's not a bus, it requires a PCI transaction as defined in the standard. And he said over and over again, what's in the standard is the standard, and if you deviate from the standard, it's not the standard anymore. And remember, this is claim construction. The patentee could have claimed a series of pins, a series of commands, a series of information, but instead the patentee chose to claim the well-known specification, an objective, exogenous standard that exists in the world independent of these patents, and therefore was incorporated by reference into them. And throughout this litigation, the patentee has been trying to disclaim, disavow, distance itself from the clear teachings of that PCI local bus. Is this claim construction purely a matter of looking at intrinsic evidence only, or is it intrinsic plus extrinsic? So it is intrinsic only, Your Honor, for this reason. Judge Davis? We don't have to look at the PCI local bus specification to understand what it means to be a PCI bus transaction. The PCI specification is intrinsic evidence because it's cited on the face of at least one of the asserted patents in every family, and ACUS has admitted it's intrinsic evidence, both here and in the IPR, and both the PTAB and Judge Burroughs treat it as intrinsic evidence. So it is intrinsic evidence, Your Honor. I feel like I've read it both ways.  That is the law. A technical document cited on the front page of a patent is officially part of the intrinsic evidence. So the law may not extend to everything cited, Your Honor, in the sense if you referred glancingly to some external publication, it may not be incorporated here, where it is central to both the claims and the specification. I mean, if you look at the 873 patent, columns 15, 16, and 17 contain an extensive discussion of the PCI local bus specification, including all the control PINs, command PINs, address and data PINs, and so forth that are required. This is not some glancing reference. This is an incorporation, an incorporation by reference. And ACUS certainly has stopped at this point from arguing otherwise. It has clearly said, including in its brief to this court, footnote six, I believe, that the local bus specification is intrinsic evidence. So whatever the case may be, sort of more globally, here the parties agreed and the courts agreed that the specification is intrinsic evidence. And, you know, a standard, I think, is different than some kind of a reference work. A standard is created by an industry body, sometimes a government body, but here an industry body, and it exists precisely so other innovators can look to it and use the teachings of the standard to develop compliant devices. And, you know, the point that gets lost in the entire argument made by my friends on the other side is if you drop out bits, information from the transaction, it's no longer compliant with the standard, and therefore PCI compliant devices wouldn't be able to read it. Again, ACUS made precisely that point to the PTAB in saving the validity of their patents. And so they're backing away from the standard that they adopted specifically to ensure interoperability and hopefully commercial acceptance of their products. You know, that didn't happen. We're now in a different world. But that is an important aspect of a standard, Judge Chen, which I think is a little different than, for example, a reference work or a dictionary, because a standard exists precisely so that innovators, inventors, commercial developers, and others can look to it to know what is required in a particular circumstance. Your Honor, I'd like to just address two things that my friend said during his argument. First, he said there's no reasoning as to what parts of the PCI spec apply. Again, there is reasoning. Judge Davis and Judge Burroughs both said all of it applies. And then, to Judge Chen, to bring that back to your question about extrinsic versus intrinsic evidence, their submission to Judge Burroughs and in this court relies entirely on expert conclusions, not supported by the intrinsic record, that the courts had no obligation to consider. You know, this is not a summary judgment question. This is a claim construction question, a markman question. And this court has made clear in Phillips and every other claim construction case that if the intrinsic record is clear, the court need not consult the extrinsic record. And I think Mr. Weinberg would agree, you could ask him on rebuttal, if you don't consult the extrinsic record, we win. And what they haven't argued is that Judge Burroughs committed any abuse of discretion in refusing to look at that extrinsic evidence, those expert testimony. You know, there's a lot of it. They submitted hundreds and hundreds of pages of it. And what Judge Burroughs said in her summary judgment order was, we don't need this. We have already ruled on the claim construction. And it's clear. And certainly there is no law that says where the intrinsic record is clear, and has been ruled on three times, by the way, and is consistent with the position the patentee took in the PTAB, that a judge on summary judgment has to, for the first time, take in extrinsic evidence that the patentee puts forward at that time to contradict the intrinsic record. And that's really what this case is about. It's about claim construction in a little bit of an unusual circumstance, and so forth. Last point on that is, Judge Chen, you asked about the PCI spec doesn't mention layers. Mr. Weinberg said, well, but the expert says there's layers. You know, this is a perfect example of why courts don't look at expert testimony on claim construction. It's just an ipsy-dixit. It's just an expert, a paid expert, a litigation expert, after the fact, saying, I can find layers in here. You know, we look, courts look at the intrinsic record because it is contemporaneous, it is not litigation-driven, it is available to the inventing community, rather than an expert report, which may be under seal and prepared only for particular litigation. And nothing in that report, on this question or otherwise, requires looking at it. And again, it would be an abusive discretion standard to review, and my friends on the other side haven't even mentioned that standard, let alone come close to meeting it. Are you aware of any other co-pending litigations going on with these asserted patents other than what's happening with you? Yes, Your Honor. Thank you. First, Judge Lurie, all the patents have expired. Second, there is, there are three cases pending in Texas, Eastern District and Western District, in which ACUS is taking yet more, we believe, inconsistent positions. There are claim constructions orders that have been entered by Judge Albright and by Judge Dilstrap. You know, they're not part of the record before the court, they're public documents, obviously. So the litigation does continue over these patents, including on some of the same terms as before the court. To what degree do the constructions in those courts deviate from what Judge Burroughs did here with these particular terms? So Judge Albright essentially went to plain meaning and eschewed a specific construction. Judge Dilstrap adopted some of Judge Davis' constructions and said that they raised factual questions and then so kicked it past Markman into the next round of, you know, discovery and litigation so that they're not definitive, they're not dispositive. The very disputed terms here were construed there? Well, they were not construed by Judge Albright, or they were plain meaning by Judge Albright and the PCI bus transaction in particular, my recollection is, I should check Judge Chen before I say absolutely, but I do have the answer here. I believe on that term he adopted Judge Davis' construction, which of course we agree with, and ACUS until, I'm still not sure what their position on it, I think they agree with it too. They certainly told Judge Burroughs they agreed with it and they told the PTAB they agree with it. Well, they have a different conception of it, I guess. Well, but Your Honor, that conception isn't reconcilable with the order itself. Judge Davis said, all information required by the standard. That's never been a mystery. That's the ground on which we move for summary judgment. I mean, that's the reason we have Markman proceedings so that the parties know what the parameters are that they can submit evidence to. They admittedly have no evidence that these products infringe under Judge Davis' construction, so they're still fighting the construction. We've had four rounds of construction arguments, and that's what was now in this court, ending up with, as I started out with, Judge Burroughs' ruling that the entirety of the specification must be included in a ruling that they don't even challenge, and therefore we think they've forfeited all of this. You know, we should be done for that reason alone. Your Honor, I'm not finding the claim constructions right now. I do have them. So would you have a second chair for? No, I have it, Your Honor. PCI bus transaction in Judge Payne. I'm sorry, Magistrate Judge Payne, not Magistrate Judge Payne. He entered the same construction as in this case of PCI bus transaction, and as I said, Judge Albright entered a plain meaning construction. Unless the court has further questions, we would submit that the summary judgment of non-infringement based on the construction of the relevant claim term requiring the incorporation of the PCI local bus specification in its entirety, a ruling that my friends do not challenge, do not even mention. There's a second basis for granting summary judgment. There is, Your Honor. So during the IPR, this one turns on IPR disclaimer, during the IPR, this is, to reference, this is the parallel to serial conversion point. Judge Davis had ruled that that is not required. During the PTAB proceedings, ACUS very clearly took the position that parallel to serial conversion is required. Mr. Stacey described this as the hourglass. You start from parallel, you go to serial, and you go back to parallel. That was referenced at least nine times during the PTAB proceedings in the pages of our... I don't have any questions. Oh, thank you, Your Honor. So on that ground, we submit that there's an independent ground of summary judgment. My friends do dispute in their brief. I don't get to stand up again, so if I could just say one point on that. They say that if that construction is correct, there's still some ground for remand. I don't understand that argument. You know, they cross moved for summary judgment. There was no disputed issues of fact on anything in this case. So there's no Rule 56 issue here. Even under their construction of PCI bus transaction, that is, if they were to win the first point, we don't think they should, but if they did, they put forward no evidence that the accused devices practiced parallel to serial conversion under their definition of PCI bus transaction. And a party opposing... moving for summary judgment, they were the movement on infringement, can't just rest on no evidence, and so there is an independent ground of summary judgment if that construction is affirmed as it will. We think the first ground, of course, is independently dispositive and the court need go no further, but there are definitely two separate and independent grounds for affirmance in this case. Thank you. Thank you, Mr. Perry. Thank you, Your Honor. Mr. Weinberg  two minutes of rebuttal time. Thank you, Your Honor. On that encoded term, there is evidence. I'm not sure why they keep saying that there's no evidence we cited it in our reply brief. That's that summary judgment brief set pages 3362 of the appendix. And we submitted an expert report on this issue on the encoded term and a declaration as well. So there's argument and evidence that was submitted that there is infringement under the district court's construction of encodes given our construction of a PCI bus transaction. So I think that's just not right. Getting back to the major point here, if this court looks at just the intrinsic record and thinks that it's absolutely clear that what a PCI bus transaction means then that is what Mr. Perry is suggesting requires affirmance. I just don't think that the court can get there. And for the specific reasons we talked about, there has to be a remand for some sort of discussion of the expert testimony. There's a lot of discussion about how it is that we brought up and how Mr. Ackes brought up claim construction issues that were rejected over and over and over again. I think that really misstates the focus of what the claim construction disputes were below as Judge Chen correctly noted. The position, the dispute in front of Judge Davis was whether there was a PCI bus on the originating side. EMC lost that. There was no dispute in the PTAB on this issue. Then they tried to get the PCI bus into the peripheral side in front of the district court in front of Judge Burroughs. They lost that issue as well. Then they came back on summary judgment and said, all right, we couldn't get the bus here. We couldn't get the bus there. How about the signals for the bus? That's what they brought up on summary judgment. That was a new issue. That's why we submitted new evidence, new arguments, and that should have its day in court. Thank you, Mr. Weinberg. We appreciate both arguments and the cases submitted.